

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00453-CR

**JAMES IMMICKE,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CR14588-BCCR**

## MEMORANDUM OPINION

James Arthur Immicke was convicted of the unlawful restraint of his step-son, C.W., who was 12-years-old at the time of the offense. *See* TEX. PENAL CODE ANN. § 20.02 (West 2011). Immicke was sentenced to two years in a state jail facility. In one issue, he challenges the sufficiency of the evidence to support his conviction. We affirm the trial court's judgment.

*Unlawful Restraint*

A person commits the offense of unlawful restraint if he intentionally or

knowingly restrains another person. TEX. PENAL CODE ANN. § 20.02(a) (West 2011). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. *Id*. § 20.01(1). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. *Id*. (1)(A). To "intimidate" means "to frighten somebody into doing or not doing something." ENCARTA DICTIONARY: ENGLISH EDITION; Microsoft Word 2010; retrieved 02-26-2013. It is a state jail felony if the person restrained was a child younger than 17 years of age. *Id*. § 20.02(c)(1).

*Standard of Review*

In summarizing his specific complaint regarding the sufficiency of the evidence, Immicke assumes, without further discussion or citation to authority, that the State had to prove beyond a reasonable doubt that Immicke's "sole intent was not to assume lawful control of the Complaining Witness." This argument is inadequately briefed; but nevertheless, this is not an element of the offense for which Immicke was charged. We review the sufficiency of the evidence of the elements of the offense charged. *See Cada v. State,* 334 S.W.3d 766, 774 (Tex. Crim. App. 2011) (*Jackson* requires "proof beyond a reasonable doubt to support every element of the offense alleged.").

In reviewing the sufficiency of the evidence to support a conviction, we view all the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323

S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). If the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). A factfinder is permitted to draw reasonable inferences from the facts as long as they are supported by the evidence presented at trial. *Merritt*, 368 S.W.3d at 525.

*Facts*

Bosque County deputies were dispatched to Immicke's residence on July 4, 2011 in response to a phone call that Immicke's stepson, C.W., had been locked in his room for three or four days. Inside C.W.'s bedroom, they discovered a hospital style port-a-potty with a "Tidy Cat" kitty litter plastic container underneath. The only window in the room had been boarded shut by Immicke with a piece of plywood. The only door to the bedroom was equipped with a hasp and staple, where if the hasp was folded over the staple, and a padlock was inserted into the loop in the staple, the door could not be opened. The door was also equipped with a sliding chain lock. Immicke admitted to Deputy Alan Kirkland that he had locked C.W. in his room.

C.W. testified that he was 12-years-old and that over a two-day period, July 3 and July 4, 2011, he could not get out of his bedroom unless Immicke or C.W.'s mother, Minnie, let him out. When C.W. came home from church on Sunday, July 3rd, Immicke told C.W. to go to his room, that he was going to lock the door, and that C.W. would be

required to stay in the room for a month. C.W. used the port-a-potty in his room to go to the bathroom. C.W. said he was scared of Immicke and said that Minnie would occasionally try to unlock the door but when Immicke would find out, he would yell at C.W. and lock the door again.

C.W. was eventually released from the room by Kimberly Powell, Immicke's daughter, while Immicke was away from the residence. On July 4th, Immicke had asked Kimberly, who lived next door, to check on C.W. while he and Minnie were gone to make sure C.W. did not leave his room. Once inside Immicke's residence, Kimberly called for C.W., who responded from his locked room. Kimberly noticed that a padlock, though in the unlocked position, was stuck through the hasp, and C.W. would not have been able to get out of his room. She also noticed that the sliding chain lock was activated. When Kimberly opened the door to release C.W. and told him to come with her to her house, C.W. initially stated that he could not leave or he would get in trouble. When back at her residence, Kimberly called her sister, who called the Sheriff's Department at Bosque County.

Immicke took the stand on his own behalf. He stated that he was simply trying to punish C.W. by playing "jail" for running away and "stabbing" Immicke with a removed door knob. He contended that he had never actually locked the door to C.W.'s room and that his daughter, Kimberly, exaggerated when she said there was a padlock on C.W.'s door. During cross-examination, Immicke admitted that he used methamphetamine to treat his various physical and mental ailments and admitted that he was high on methamphetamine while testifying.

*Conclusion*

Viewing all the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of unlawful restraint beyond a reasonable doubt. Immicke's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2013
Do not publish
[CR25]